IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 20-CR-00082-JED |
| ) | |
| RONALD A. RODRIGUEZ-PAZ, ) | |
| EVA ESTRADA JUAREZ, ) | |
| ) | |
| Defendants. ) | |

**Response to Defendant's Motion to Produce Exculpatory Evidence (Doc. 36)**

The government urges this Court to deny Defendant's Motion for Exculpatory Evidence and Brief in Support (Doc. 36) because the Government has already provided Defendant everything in its possession and will continue to fully comply with Rule 16 requirements, and its obligations under *Brady*, *Giglio*, and the *Jencks* Act.

**Relevant Facts**

On July 7, 2020, the grand jury for the Northern District of Oklahoma returned an Indictment against Defendants Juarez and Rodriguez-Paz for their involvement in labor trafficking a minor victim. The defendants were arraigned on July 9, 2020. The Defendants are detained, pending trial set for September 21, 2020. The Defendant filed a Motion to Dismiss and Brief on July

30, 2020. (Doc. 35). Also on July 30, 2020, the Defendant filed a Motion to Produce Exculpatory Evidence and Brief in Support. (Doc. 36).

## Legal Authority

Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the government to permit a defendant, upon the defendant's request, "to inspect and to copy or photograph . . . books, papers, documents, [and] data, [among other items] . . . or copies or portions of any of these items" that are in the government's possession, custody, or control and are "material to preparing a defense." A defendant may examine specified information in the government's possession that is "material to the preparation of [the defendant's] defense against the government's case-in-chief" or the defendant's defense on the merits. *United States v. Armstrong*, 517 U.S. 456, 463 (1996) (concluding that Rule 16(a)(1)(C), a predecessor to Rule 16(a)(1)(E), does not apply to a defendant's request to examine government information for a selective prosecution claim, because that claim is not a defense on the merits). "The defendant bears the burden to make a prima facie showing of materiality." *United States v. Simpson*, 845 F.3d 1039, 1056 (10th Cir. 2017) (citations omitted). Materiality is determined by "whether presentation of evidence" creates "a reasonable doubt of guilt that did not otherwise exist." *United States v. Alberico*, 604 F.2d 1315, 1319 (10th Cir. 1979) (citation and internal quotation marks omitted).

2

Defendant cites *Brady v. Maryland*, 373 U.S. 83 (1963) as an additional justification for requiring the government to turn over various discovery. (See Doc. 29 at 2). However, Brady is not a discovery rule, but rather a standard of fairness and a minimum obligation for the prosecution. *United States v. Agurs*, 427 U.S. 97, 107 (1976). The Supreme Court decided in Brady that Due Process in criminal cases mandates that the prosecution relinquish "evidence favorable to an accused upon request . . . where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady* at 87.

Defendant further cites *Giglio v. United States*, 405 U.S. 150 (1972) and *Kyles v. Whitley*, 514 U.S. 419 (1995). (See Doc. 36). The Supreme Court held in *Giglio* that, "[w]hen the reliability of a given witness may well be determinative of guilt or innocence, nondisclosure of evidence affecting credibility falls within [Brady]." *Giglio* at 154 (citation and internal quotation marks omitted). *Kyles* provides a standard of materiality for *Brady* claims: when "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." *Kyles* at 435. The Tenth Circuit has interpreted this standard to "support the principle that evidence insignificantly impacting the degree of impeachment may not be sufficient to meet the *Kyles* materiality standard, while evidence significantly

3

enhancing the quality of the impeachment evidence usually will." *Douglas v. Workman*, 560 F.3d 1156, 1174 (10th Cir. 2009).

## Argument

Defendant has failed to identify how the victim's current whereabouts or her current employment and school status are material to his defense. Moreover, Defendant did not proffer any theory under which the victim's asylum paperwork would impact the jury's assessment of his guilt, or the credibility of any law enforcement witnesses. Moreover, any paperwork that Defendant signed with Homeland Security should be in Defendant's possession, as he is the one who signed for any of the alleged paperwork.

That said, the Government is currently attempting to acquire any Department of Human Services and/or Department of Homeland Security paperwork pertaining to the victim. If and when the Government is able to acquire any of these documents, assuming they are otherwise discoverable, the Government will provide these documents to the defense.

## Conclusion

The government has provided Rodriguez-Paz with extensive discovery and will continue to fully comply with Rule 16 requirements, and its obligations under *Brady*, *Giglio*, and the *Jencks* Act. Therefore, the Government requests that the Court deny the Defendant's Motion to Produce Exculpatory Evidence

and Brief in Support.

                                    Respectfully submitted,

                                    R. TRENT SHORES
                                    UNITED STATES ATTORNEY

                                    */s/ Christopher J. Nassar*
                                    Christopher J. Nassar, OBA No.31167
                                    Ryan H. Heatherman, OBA# 20721
                                    Assistant United States Attorney
                                    110 West Seventh Street, Suite 300
                                    Tulsa, Oklahoma 74119
                                    (918) 382-2700

## CERTIFICATE OF SERVICE

      I hereby certify that on the 13th day of August, 2020, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and notification was sent to the following recipient:

Robert Ridenour
Counsel for Defendant Eva Juarez

Stanley D. Monroe
Counsel for Defendant Ronald Rodriguez-Paz

                                        */s/ Christopher J. Nassar*
                                        Christopher J. Nassar
                                        Assistant United States Attorney